## JIM TENNISON v. STATE.

No. A-5198.   Opinion Filed Oct. 24, 1925.
Rehearing Denied Nov. 14, 1925.
(240 Pac. 324.)

E. E. Ammons, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The information in this case charged that in McIntosh county, December 25, 1923, Jim Tennison and W. I. Sherbit did commit the crime of grand larceny as defined in Penal Code, §2119, C. S. 1921, in that they did feloniously, in the nighttime of said day, steal, take, and carry away certain domestic fowls, to wit, one black gobbler

turkey and one black gray hen turkey, the property of one Sidney Warren, from the premises upon which the dwelling house in which said Warren resided was situated.

It appears that the defendant W. I. Sherbit was not apprehended, and on his separate trial the jury returned a verdict finding the defendant Jim Tennison guilty as charged in the information, and leaving the punishment to the court. December 7, 1923, the court rendered judgment and sentenced the defendant Tennison to be confined in the state penitentiary at McAlester for a term of four years.

The judgment recites that the sentence may commence at the expiration of the 9 months' sentence in case No. 914. Said sentence to run nonconcurrently.

It will be observed that this is companion case to that of Tennison v. State, 32 Okla. Cr. 257, 240 P. 323, conviction of shooting another with intent to kill, this day affirmed.

In addition to the usual assignments of error, that the verdict was contrary to the evidence, and error in overruling the motion for a new trial, both of which are waived, it is urged on behalf of plaintiff in error that the punishment imposed by the court is excessive.

Counsel in his brief says:

"Plaintiff in error most earnestly contends that the trial court erred in the infliction of the punishment, and the term of four years in the penitentiary for stealing a turkey, when the jury in the former case, wherein the plaintiff in error was charged with assault to kill on the owner of said turkey, assessed the punishment at nine months in the penitentiary."

It is both the spirit and intention of our laws that sentences should be imposed in criminal cases for the protection of society and the reformation of the criminal, and

sentences should be imposed in keeping with the spirit of the law.

In consideration of the record before us, our conclusion is that the judgment and sentence of four years' imprisonment in the penitentiary should be modified by reducing the sentence to a term of one year, and, as thus modified, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.